**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:12CV294-DSC**

| | |
|---|---|
| INTERNATIONAL ENGINEERING & TRADING CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| INGERSOLL-RAND COMPANY, | ) ) |
| Defendant | ) ) |
| vs. | ) ) |
| CLEVELAND HOLDINGS, INC., d/b/a D-TEK MANUFACTURING, et al., | ) ) ) |
| Cross Claim Defendants | ) ) |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on Defendant Ingersoll-Rand's "Motion for Partial Summary Judgment," Doc. 28, filed on August 31, 2012 and its associated brief and exhibits, Docs. 29, 30, 31, 32, 33, 36, 37, 38 and 39. On October 1, 2012, Plaintiff filed "Plaintiff's Joint Memorandum in Opposition to Defendant Ingersoll-Rand Company's Motion for Partial Summary Judgment and Cross Motion for Summary Judgment and in Support of Plaintiff's Cross Motion for Partial Summary Judgment, " Doc. 42, and its associated exhibits, Docs. 42-1, 42-2 and 44, and "Plaintiff International Engineering & Trading Corporation's Cross Motion for Partial Summary Judgment, Doc. 43. On October 12, 2012, Defendant filed its "Reply of Ingersoll-Rand Company ("IRCO") to Plaintiff International Engineering & Trading Corporation's ("IETC") Opposition to Motion for Partial Summary Judgment and Cross-Motion for Partial Summary Judgment," Doc. 49,

and associated affidavit and exhibits, Doc. 50 and 53. On October 22, 2012, Plaintiff filed "Plaintiff's Reply in Support of Plaintiff's Cross Motion for Partial Summary Judgment," Doc. 54, and associated affidavit and exhibits, Doc. 55 and 58. On October 24, 2012, Defendant filed "Defendant Ingersoll-Rand's Motion to Strike Plaintiff International Engineering & Trading Corporation's Sur-Reply," Doc. 59, and its associated brief, Doc. 60.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and these Motions are now ripe for the Court's determination.

After fully considering the arguments, the record, and the applicable authority, the Court finds that the language of the 2005 Agreement is clear and unambiguous and that the Agreement remained in force after the initial term absent termination by either party. Based upon this finding, the Court **DENIES** Defendant's Motion for Partial Summary Judgment and **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion for Partial Summary Judgment, as discussed below.

With regard to "Defendant Ingersoll-Rand's Motion to Strike Plaintiff International Engineering & Trading Corporation's Sur-Reply," Doc. 59, the Court finds that Plaintiff was entitled to file a reply in support of its Cross Motion for Partial Summary Judgment. Therefore, the Court **DENIES** the Motion to Strike.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff International Engineering & Trading Corporation ("IETC" or "Plaintiff") is an Ohio corporation headquartered in Cuyahoga County, Ohio. Defendant Ingersoll-Rand Company ("IRCO" or "Defendant") is a New Jersey corporation with a location in Davidson, North Carolina. Defendant is engaged in various businesses, but at issue in this case is its brand of air compressors called the Centac line. The parties executed an Agreement on December 30, 2005 ("2005 Agreement") that governed Defendant's purchase of certain parts and supplies exclusively from

Plaintiff for the Centac line. This dispute arises over interpretation of the 2005 Agreement and the ensuing interactions of the parties.

On April 9, 2012, Plaintiff filed its Complaint in Mecklenburg County Superior Court. Doc. 1, Ex. 1. On May 10, 2012, Defendant removed the case to this Court. Doc. 1. On August 31, 2012, Defendant filed its Motion for Partial Summary Judgment on its declaratory judgment counterclaim, and on the portions of Plaintiff's breach of contract claim related to exclusivity. Defendant contends that the term of the 2005 Agreement clearly and unambiguously ended on December 31, 2008. Defendant contends that the parties agreed ante litem motam that the 2005 Agreement ended in December 2008. Defendant also contends that waiver and estoppel bar Plaintiff's claims and that any alleged breaches of the 2005 Agreement are barred by the statute of limitations. On October 1, 2012, Plaintiff filed a Response to Defendant's Motion and a Cross Motion for Summary Judgment arguing that the 2005 Agreement continued in force after the initial term and that there was no waiver of Plaintiff's rights. Plaintiff asserts that it relied on Defendant's repeated denials of any breach of the 2005 Agreement, and therefore Defendant cannot assert statute of limitations as a defense.

## II. STANDARD OF REVIEW

Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The Rule provides procedures for establishing the presence or absence of any genuine dispute as to any material fact:

(c) Procedures.

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

Although the moving party bears the initial burden of stating the basis for its motion and identifying what evidence demonstrates the absence of a genuine issue of material fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The facts must be viewed in the light most favorable to the non-moving party, and where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. See, e.g., Ricci v. DeStefano, 557 U.S. 557, 129 S.Ct. 2658, 2677 (2009) (citation omitted).

"The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment." Coleman v. United States, 369 F. App'x 459,

461 (4th Cir. 2010) (citing Baber v. Hosp. Corp. of Am., 977 F.2d 872, 875 (4th Cir.1992)). Instead, a party asserting that a fact cannot be or is genuinely disputed must cite to particular materials in the record, including depositions, documentary evidence, affidavits and declarations. Fed.R.Civ.P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (emphasis in original).

In the context of contract interpretation, summary judgment is appropriate when "the language of a contract is not ambiguous, no factual issue appears[,] and only a question of law which is appropriate for summary judgment is presented to the court." Metcalf v. Black Dog Realty, LLC, 684 S.E.2d 709, 719 (N.C. App. 2009). "When the language of a contract is clear and unambiguous, effect must be given to its terms, and the court, under the guise of constructions, cannot reject what the parties inserted or insert what the parties elected to omit." Weyerhauser Co. v. Light Co., 127 S.E.2d 539, 541 (N.C. 1962) (citations omitted). "The terms of an unambiguous contract are to be taken and understood in their plain, ordinary and popular sense." Id. at 541. "It is a well-settled principle of legal construction that [i]t must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean." Cater v. Barker, 617 S.E.2d 113, 116 (N.C. App. 2005) (quoting Hagler v. Hagler, 354 S.E.2d 228, 234 (N.C. 1987)).

### III. DISCUSSION

The 2005 Agreement states in pertinent part the following:

3. Term: The initial term of this Agreement will be three (3) years, beginning on January 1, 2006 and ending on December 31, 2008, unless earlier terminated pursuant to the terms of this Agreement.

5

> 4. Prices: Subject to the adjustments provided herein, prices for Products are shown in Attachment A and will be firm for the term of this Agreement. . . .
>
> 11. Competitiveness: If IR believes that they will become noncompetitive in the marketplace as a result of delivery, features, value or quality on any or all products listed in Attachment A, IR will notify Supplier of such in writing. If, within three (3) months the Supplier and IR have not reached mutual agreement, IR may terminate any such item/items from this Agreement. In the event of termination of this Agreement, disposition of inventory of the terminated item/items will be in accordance with Paragraph 5 of this Agreement. . . .
>
> 18. Termination: After the expiration of the initial term, either party may terminate this Agreement without cause upon 90 days' written notice to the other party. In the event of termination of this Agreement, disposition of inventory will be in accordance with Paragraph 5 of this Agreement.

Doc. 1 at Ex. 1.

Plaintiff argues that the 2005 Agreement is unambiguous and contemplates an initial term of three years during which termination may be afforded only for cause, followed by an indefinite period during which either party may terminate the Agreement without cause upon ninety days written notice.

Defendant argues that the term of the 2005 Agreement is unambiguous and clearly ended on December 31, 2008. Defendant further argues that the termination clause was supposed to apply to early termination. Defendant suggests that "[i]t seems likely that a mistake in drafting, substituting the word "after" for the words "prior to," caused the ambiguity." Doc. 29 at fn. 10. Additionally, Defendant asserts that the termination clause was supposed to apply in the event the parties agreed to extend the contract past the initial term, which they did not.

"Interpreting a contract requires the court to examine the language of the contract itself for indications of the parties' intent at the moment of execution. If the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract." State v. Philip Morris USA Inc., 685 S.E.2d 85, 90 (N.C. 2009) (citations omitted). The subjective understanding of a

party as to the legal significance of a contract's term is immaterial to the contract's interpretation if the language is unambiguous. Mobil Oil Corp. v. Wolfe, 252 S.E.2d 809, 811 (N.C. 1979). "If the language of the contract is clear and unambiguous, the court must interpret the contract as written." Martin v. Vance, 514 S.E.2d 306, 309 (N.C. App. 1999) (citation omitted). Contracts "are to be construed consistently with reason and common sense." Variety Wholesalers, Inc. v. Salem Logistics Traffic Services, LLC, 723 S.E.2d 744, 748 (N.C. 2012). Parol evidence may be used to determine the intent of the contracting parties if, and only if, the contract's language is ambiguous. Lattimore v. Fisher's Food Shoppe, Inc., 329 S.E.2d 346, 350 (N.C. 1985).

      The Court finds that the 2005 Agreement is unambiguous. The common sense interpretation is that the 2005 Agreement includes a three-year initial term during which Defendant could cancel only for cause due to lack of competitiveness under paragraph 11. The initial term is followed by an indefinite term, terminable without cause upon ninety days written notice under paragraph 18. Defendant's argument would have the Court disregard the term "initial" in the 2005 Agreement and find that either party could have terminated without cause upon ninety days written notice. Paragraph 4 of the 2005 Agreement states that prices "will be firm for the term of this Agreement." The word "initial" is not used to modify the word "term" in this paragraph. The Court finds that this bolsters its interpretation of the 2005 Agreement. The Agreement was not just for an initial term, but was to continue in effect after the initial term expired unless terminated by one of the parties. Defendant's argument would nullify the "[a]fter the expiration of the initial term" language in paragraph 18 by holding that either party could terminate without cause upon ninety days written notice at any point during the 2005 Agreement. Defendant's argument that the word "after" was mistakenly used for the words "prior to" in paragraph 18 invites the Court to speculate and is not persuasive. The North Carolina Court of Appeals has held that

7

> It is well settled that a contract is construed as a whole. The intention of the parties is gleaned from the entire instrument and not from detached portions. Individual clauses are to be considered in context. All parts of the contract will be given effect if possible. This Court has long acknowledged that an interpretation which gives a reasonable meaning to all provisions of a contract will be preferred to one which leaves a portion of the writing useless or superfluous.

Emmanuel African Methodist Episcopal Church v. Reynolds Const. Co., Inc., 718 S.E.2d 201, 203 (N.C.App. 2011)(citations omitted).

The Court finds that Defendant's interpretation of the 2005 Agreement fails to give effect to the plain language of the Agreement as a whole. Accordingly, the Court will **GRANT IN PART** Plaintiff's Motion for Partial Summary Judgment finding that the 2005 Agreement was for an initial three year term and continued in force after the initial term absent termination by either party. The Court finds that all other issues raised by the parties in their Motions for Partial Summary Judgment involve genuine issues of material fact precluding summary judgment at this time. Therefore, the Court will **DENY IN PART** Plaintiff's Motion for Partial Summary Judgment in all other respects without prejudice and will **DENY** Defendant's Motion for Partial Summary Judgment in its entirety without prejudice.

### IV. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. Defendant Ingersoll-Rand's "Motion for Partial Summary Judgment," Doc. 28, is **DENIED** without prejudice.

2. "Plaintiff International Engineering & Trading Corporation's Cross Motion for Partial Summary Judgment, Doc. 43, is **GRANTED IN PART and DENIED IN PART** without prejudice.

3. "Defendant Ingersoll-Rand's Motion to Strike Plaintiff International Engineering & Trading Corporation's Sur-Reply," Doc. 59, is **DENIED**.

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED AND DECREED.**

Signed: October 30, 2012

David S. Cayer
United States Magistrate Judge